**IN THE COURT OF APPEALS OF IOWA**

No. 18-1017
Filed August 1, 2018

**IN THE INTEREST OF L.B., B.B., J.A., and A.E.,**
**Minor Children,**

**A.E., Mother,**
      Appellant,

**A.B., Father,**
      Appellant.
_____

Appeal from the Iowa District Court for Plymouth County, Robert J. Dull, District Associate Judge.

Mother and father appeal from an order terminating their rights in their children pursuant to Iowa Code chapter 232 (2018).  **AFFIRMED ON BOTH APPEALS.**

Kelsey Bauerly Langel of Trotzig & Bauerly, PLC, Le Mars, for appellant mother.

Robert B. Brock II of Law Office of Robert B. Brock II, P.C., Le Mars, for appellant father.

Thomas J. Miller, Attorney General, and John B. McCormally, Assistant Attorney General, for appellee State.

Meret Thali of Juvenile Law Center, Sioux City, guardian ad litem for minor children.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

This case arises out of a chapter 232 proceeding to terminate the parental rights of Alicia and Andrew. Alicia is the mother of J.A., A.E., L.B., and B.B. Andrew is the father of L.B. and B.B. The juvenile court terminated Alicia's rights in her children pursuant to Iowa Code section 232.116(1)(f) (2018). The juvenile court terminated Andrew's parental rights in his children pursuant to Iowa Code section 232.116(1)(f) and (*l*). The juvenile court also terminated the parental rights of the fathers of J.A. and A.E. Those fathers do not appeal.

This court reviews termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The statutory framework authorizing the termination of a parent-child relationship is well established. *See In re A.S.*, 906 N.W.2d 467, 472–73 (Iowa 2018) (setting forth the statutory framework). The burden is on the State to prove by clear and convincing evidence (1) the statutory ground or grounds authorizing the termination of parental rights and (2) termination of parental rights is in the best interest of the child. *See In re E.H.*, No. 17-0615, 2017 WL 2684420, at *1 (Iowa Ct. App. June 21, 2017). Even where the State proves its case, the juvenile court has the discretion to preserve the parent-child relationship where the parent proves by clear and convincing evidence a statutory factor allowing preservation of the parent-child relationship. *See* Iowa Code § 232.116(3) (setting forth permissive factors to avoid the termination of parental rights); *In re A.S.*, 906 N.W.2d at 476 (stating it is the parent's burden to prove an exception to termination).

We first address the sufficiency of the evidence supporting the termination of Alicia and Andrew's parental rights. Where "the juvenile court terminates

parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We focus our attention on the statutory ground set forth in section 232.116(1)(f). As relevant here, this provision requires "clear and convincing evidence the children would be exposed to an appreciable risk of adjudicatory harm if returned to the parent's custody at the time of the termination hearing." *In re E.H.*, 2017 WL 2684420, at *1. In assessing the sufficiency of the evidence regarding the best interest of the children, we "give primary consideration to the children's safety, to the best placement for furthering the long-term nurturing and growth of the children, and to the physical, mental, and emotional condition and needs of the children." *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010) (quoting Iowa Code § 232.116(2)) (altered for readability).

On de novo review, we conclude the State proved by clear and convincing evidence this statutory ground authorizing the termination of Alicia's rights and termination of Alicia's rights is in the best interest of the children. Alicia has a long history of involvement with the Iowa Department of Human Services (IDHS) due to her substance abuse, among other things. Most recently, IDHS became involved with this family in December 2014. Since that time, Alicia has continued to use controlled substances, including methamphetamine, and has not demonstrated the ability to maintain sobriety for any appreciable time outside a custodial setting. Her continued use of methamphetamine creates an appreciable risk of adjudicatory harm to the children and supports the termination of her parental rights. *See, e.g., In re A.B.*, 815 N.W.2d at 776 (noting drug addiction can render a parent unable to care for children); *In re K.C.*, No. 18-0581, 2018 WL

3057888, at *2 (Iowa Ct. App. June 20, 2018) (affirming termination where mother had long history of substance abuse); *In re L.S.*, No. 17-1824, 2018 WL 540968, at *1 (Iowa Ct. App. Jan. 24, 2018) (providing untreated substance abuse can create a risk of harm to the children); *In re B.C.*, No. 17-0933, 2017 WL 4050975, at *1 (Iowa Ct. App. Sept. 13, 2017) (affirming termination where mother had history of drug abuse and limited success with treatment and other services); *In re R.P.*, No. 16-1154, 2016 WL 4544426, at *2 (Iowa Ct. App. Aug. 31, 2016) (affirming termination of parental rights of parent with history of drug abuse); *In re K.F.*, No. 14-0892, 2014 WL 4635463, at *3 (Iowa Ct. App. Sept. 17, 2014) (finding termination appropriate, where, as here, "[a]lthough [the mother] has been involved with services concerning her children at least three times, she does not obtain any lasting benefit from those services"); *In re H.L.*, No. 14-0708, 2014 WL 3513262, at *3 (Iowa Ct. App. July 16, 2014) (affirming termination of parental rights when parent had history of substance abuse). In addition, Alicia has a history of unstable employment and housing and was essentially homeless at the time of the termination hearing. Alicia's economic instability and concomitant inability to meet the most basic needs of her children create an appreciable risk of harm to the children and supports the termination of her parental rights. *See, e.g.*, *In re J.M.*, No. 18-0163, 2018 WL 1631391, at *2 (Iowa Ct. App. Apr. 4, 2018) (affirming termination where father was unable to meet the basic needs of the children due to "inability to maintain employment and obtain stable housing"); *In re D.M.*, No. 18-0086, 2018 WL 1433104, at *2 (Iowa Ct. App. Mar. 21, 2018) (holding financial instability and homelessness showed mother would not be able to provide care for the children without creating an appreciable risk of adjudicatory harm); *In re J.C.*,

No. 17-0750, 2017 WL 3283395, at *3 (Iowa Ct. App. Aug. 2, 2017) (affirming termination of parental rights where mother was unemployed and essentially homeless); *In re E.R.*, No. 14-1816, 2015 WL 162177, at *3 (Iowa Ct. App. Jan. 14, 2015) (discussing mother's financial instability and inability to meet the child's basic needs as one basis for termination); *In re J.A.*, No. 13-0735, 2013 WL 4012434, at *2 (Iowa Ct. App. Aug. 7, 2013) (noting mother's financial instability as significant factor in termination); *In re K.K.*, No. 02-0350, 2002 WL 987376, at *1 (Iowa Ct. App. May 15, 2002) (same); *In re K.H.*, No. 03-0671, 2003 WL 21459582, at *2 (Iowa Ct. App. June 25, 2003) (concluding the children would be at a continued risk for harm when the father did not have stable employment or housing).

On de novo review, we also conclude the State proved by clear and convincing evidence the statutory ground authorizing the termination of Andrew's parental rights and termination of his rights is in the best interest of his children. Like Alicia, Andrew has a long history of substance abuse that precluded him from providing adequate care for the children. In addition, Andrew has a long history of criminal behavior resulting in his incarceration. Andrew was incarcerated for most of this case and remained incarcerated at the time of the termination hearing. Andrew's long history of substance abuse, criminal behavior, and incarceration precludes the return of the children to his care and supports the termination of his parental rights. *See, e.g.*, *In re J.M.*, 2018 WL 1631391 at *1 (affirming termination pursuant to section 232.116(1)(f) and (h) where father was incarcerated at the time of the termination hearing); *In re A.P.*, No. 17-1830, 2018 WL 540985, at *3 (Iowa Ct. App. Jan. 24, 2018) (finding incarceration at the time of the termination hearing

satisfies the requirements of section 232.116(1)(f) and (h)); *In re D.S.*, No. 16-1149, 2016 WL 5408175, at *1 (Iowa Ct. App. Sept. 28, 2016) (finding sufficient grounds for termination where "[t]he father admitted at the combined permanency review and termination-of-parental-rights hearing that he could not care for his child at that time due to his incarceration").

Alicia contends this court should exercise its discretion and not terminate her parental rights due to the strength of the bond between her and her children. Section 232.116(3)(c) provides the court may avoid termination if "there is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The existence of a bond between the mother and the children is a factor that can weigh against termination, but the court may use its discretion in deciding whether to apply the factor to continue the parent-child relationship. *See In re A.M.*, 843 N.W.2d at 113. In exercising the discretion to preserve the relationship, our consideration is not merely whether there is a bond, "our consideration must center on whether the child[ren] will be disadvantaged by termination, and whether the disadvantage overcomes" Alicia's inability to provide for the needs of the children. *See In re D.W.*, 791 N.W.2d at 709; *see also* Iowa Code § 232.116(2) (setting forth the factors in determining the child's best interests).

We decline to preserve the parent-child relationship pursuant to section 232.116(3)(c). The record reflects Alicia has a bond with her children. There is not clear and convincing evidence, however, any disadvantage caused by termination of her parental rights is more significant than the benefit to the children. To this point in time, Alicia's life is a story of substance abuse and instability

punctuated by brief interludes of compelled sobriety. What is past is prologue. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) (noting a parent's past performance is indicative of the quality of care the parent may provide going forward); *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("[I]n considering the impact of drug addiction, we must consider the treatment history of the parent to gauge the likelihood that the parent will be in a position to parent the child in the foreseeable future. Where the parent has been unable to rise above the addiction and experience sustained sobriety in a noncustodial setting, and establish the essential support system to maintain sobriety, there is little hope of success in parenting." (citation omitted)). In contrast, the children have the opportunity to obtain necessary stability and care in her absence. On de novo review, we conclude the discretionary exception should not serve to preclude the termination of Alicia's parental rights.

Finally, Alicia contends the juvenile court should have granted her an additional six months' time to reunite with the children. To defer permanency for six months, the juvenile court was required to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child[ren] from the child[ren]'s home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). Here, there is no reason to believe an additional six months' time would have resolved the conditions necessitating removal of the children from Alicia's care. This case has been pending since February 2015. Alicia has received numerous services to address her substance abuse and lack of employment and housing but to no avail. Alicia's caseworker testified Alicia tested

positive for methamphetamine almost every month for the year prior to the termination hearing—even while she was attending outpatient substance-abuse treatment. Termination of Alicia's rights is appropriate under the circumstances. *See, e.g.*, *In re C.M.*, No. 14-1140, 2015 WL 408187, at *4-5 (Iowa Ct. App. Jan. 28, 2015) (affirming termination of parental rights where the parents sought more time but evidence established they were unlikely to resolve their substance abuse problems); *In re H.L.*, No. 14-0708, 2014 WL 3513262, at *3-4 (Iowa Ct. App. July 16, 2014) (affirming termination of parental rights where the father had history of substance abuse and declining to grant father an additional six months); *In re J.L.*, No. 02-1968, 2003 WL 21544226, at *3 (Iowa Ct. App. July 10, 2003) (concluding that relapse of parent despite offer of services supported termination of parental rights and refusing request for additional time for reunification).

For these reasons, we affirm the juvenile court's order terminating the parental rights of Alicia and Andrew.

**AFFIRMED ON BOTH APPEALS.**